UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACEY LESCHINSKY, Individually and On
Behalf of All Others Similarly Situated,

       Plaintiff,                              Case No.

v.

INTER-CONTINENTAL HOTELS CORPORATION; and
ORANGE LAKE COUNTRY CLUB, INC.

       Defendants.

_____/

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

TRACEY LESCHINSKY ("Plaintiff"), individually and on behalf of all other persons similarly situated, brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants INTER-CONTINENTAL HOTELS CORPORATION and ORANGE LAKE COUNTRY CLUB, INC. ("Defendants") to stop Defendants' practice of making unsolicited telemarketing calls to the telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

### INTRODUCTION

1.     Defendant Inter-Continental Hotels Corporation operates an international hotel chain under a number of "brand" names. These hotel brands include, Inter-Continental Hotels & Resorts, Crowne Plaza Hotels & Resorts, Holiday Inn, Holiday Inn Express, Holiday Inn Club Vacations, Staybridge Suites, Candlewood Suites, and several others. Defendant Orange Lake County Club, Inc. operates 12 Holiday Inn Club Vacations hotels under the name Orange Lake

Resorts. In an effort to solicit potential customers, Defendants began making telephone calls, *en masse*, to consumers across the country. Defendants purchase "leads" containing consumer's contact information and creates an electronic database from which Defendants makes automated calls.

2.     Defendants conducted (and continue to conduct) wide scale telemarketing campaigns and repeatedly made unsolicited calls to consumers' telephones—whose numbers appear on the National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3.     The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities to consumers registered on the National Do Not Call Registry and an award of statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

4.     By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of a putative Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to their carriers for the receipt of such telephone calls.

5.     Plaintiff brings this class action against Defendants to secure redress because Defendants willfully violated the TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C § 227, *et seq.* by causing unsolicited calls to be made to Plaintiff's and other class members'

cellular telephones through the use of an auto-dialer and/or artificial or pre-recorded voice message.

## PARTIES

6.      Plaintiff TRACEY LESCHINSKY is a natural person and citizen of Spring Hill, Florida.

7.      Defendant INTER-CONTINENTAL HOTELS CORPORATION is a corporation organized under the laws of the State of Delaware.  Defendants maintains its principal office at Atlanta, Georgia, but conducts business in the State of Florida year round.  Defendants may be served with process by serving its registered agent, CT Corporation System, 1200 Pine Island Road, Plantation Florida 33324.

8.      Defendant ORANGE LAKE COUNTRY CLUB, INC. is a corporation organized under the laws of the State of Florida.  Defendant maintains its principal office at Kissimmee, Osceola, County, Florida.  Defendant may be served with process by serving its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation Florida 33324.

9.      Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees, subsidiaries, or affiliates committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## ALLEGATION OF JOINT AND SEVERAL LIABILITY

10.     All of the Defendants conspired, jointly caused, knowingly participated and/or aided and abetted each other in the wrongful conduct described hereinafter so as to be jointly and

severally liable to Plaintiff for each of the acts, omissions, breaches, malfeasance and causes of action set forth herein.

## JURISDICTION & VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

12.     The Court has personal jurisdiction over Defendants because they conduct significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

13.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and at least one member of the putative class is a citizen of a state different from Defendants.  Furthermore, the Plaintiff Class consists of at least one hundred members.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

15.     Defendants are subject to specific personal jurisdiction in this District because they have continuous and systematic contacts with this District through their telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendants in this District does not offend traditional notions of fair play or substantial justice.

## LEGAL BASIS FOR THE CLAIMS

16.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing    industry.      In    doing    so,    Congress    recognized    that    "[u]nrestricted

telemarketing...can be an intrusive invasion of privacy..." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

17.    Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

18.    In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption. Therefore, all pre-recorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

19.    As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibits solicitations to residences that use an artificial voice or a recording.

- Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibits autodialed calls that engage two or more lines of a multi-line business.

- Prohibits unsolicited advertising faxes.

- Prohibits certain calls to members of the Do-Not-Call Registry

20.    Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

21.    Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## COMMON FACTUAL ALLEGATIONS

22.     Defendant Inter-Continental Hotels Corporation operates an international hotel chain under a number of "brand" names. These hotel brands include, Inter-Continental Hotels & Resorts, Crowne Plaza Hotels & Resorts, Holiday Inn, Holiday Inn Express, Holiday Inn Club Vacations, Staybridge Suites, Candlewood Suites, and several others. Defendant Orange Lake County Club, Inc. operates 12 Holiday Inn Club Vacations hotels under the name Orange Lake Resorts. In an effort to solicit potential customers, Defendants began making telephone calls, *en masse*, to consumers across the country. Defendants purchase "leads" containing consumer's contact information and creates an electronic database from which Defendants makes automated calls.

23.     In Defendants' overzealous attempt to market its services, they placed (and continue to place) phone calls to consumers who never provided consent to call and to consumers having no relationship with Defendants. Worse yet, Defendants placed (and continue to place) repeated and unwanted calls to consumers whose phone numbers are listed on the National Do Not Call Registry. Consumers place their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

24.     Defendants knowingly made (and continue to make) these telemarketing calls without the prior express written consent of the call recipients and knowingly continue to call them after requests to stop. As such, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF TRACEY LESCHINSKY

25.     Over nine years ago, on or about June 5, 2006, Plaintiff registered her cellular phone number ending in 8771 with the National Do Not Call Registry.

26.     Between June 10, 2015 and June 12, 2015, Plaintiff received at least three calls on her cellular telephone from the phone number (703) 886-9880.

27.     Plaintiff received all calls described above on her cellular telephone assigned a number ending in 8771.

28.     Defendants and/or third parties on Defendants' behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without first obtaining Plaintiff's prior express written consent.

29.     On at least one occasion, Plaintiff picked up the phone and interacted with Defendants' dialing system.

30.     When Plaintiff answered the call, she said "hello" more than once while the other end of the line remained silent for several seconds before Defendants' representative finally engaged.

31.     Defendants' representative asked for Plaintiff by name and began a sales pitch.

32.     Plaintiff was not interested in Defendants' offerings and was troubled by the fact that Defendants had her cell phone number. Therefore, Plaintiff disconnected the call.

33.     At the time of the calls, Plaintiff did not have a business relationship with Defendants.

34.     Plaintiff was annoyed by the calls and wanted Defendants to stop calling, yet Defendants continued to call.

---

35.    It was obvious to Plaintiff that Defendants were engaged in a marketing campaign wherein Defendants contact a large number of consumers using an autodialer.

36.    Based on the circumstances of the calls – including but not limited to the multiple calls over a short period of time, the presence of a long pause before anyone engaged her, and that Defendants called despite Plaintiff's requests to Defendants to stop calling (indicating a computer automatically dialed the number again) – Plaintiff believed Defendants called her cellular telephone using an ATDS that automatically selected her number from a computer database.

37.    On information and belief, and based on the circumstances of the all the calls, Defendants called Plaintiff using an ATDS.

38.    Plaintiff understood the purpose of Defendants' calls was to solicit business from Plaintiff.

39.    The telephone number Defendants called was assigned to a cellular telephone service for which charges incur for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40.    Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 8771.

41.    Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

42.    Plaintiff did not provide Defendants with prior express written consent to receive calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

43.    All calls Defendants made to Plaintiff violate 47 U.S.C. § 227(b)(1).

44.     Plaintiff has reason to believe Defendants have called, and continue to call, thousands of wireless telephone customers to market their products and services.

45.     Plaintiff's overriding interest is ensuring Defendants cease all illegal telemarketing practices and compensate all members of the Plaintiff Class for invading their privacy in the manner the TCPA was contemplated to prevent.

46.     In order to redress injuries caused by Defendants' violations of the TCPA, Plaintiff, on behalf of herself and a class of similarly situated individuals, brings suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice and text calls to cell phones.

47.     On behalf of the Plaintiff Class, Plaintiff seeks an injunction requiring Defendants to cease all wireless telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

A.     CLASS ALLEGATIONS

48.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and the following classes defined as follows (the "Class"):

> **"Robocall Class":** All individuals in the United States who received a call made by or on behalf of Defendants to the individual's cellular telephone through the use of an automatic telephone dialing system, or pre-recorded voice, or any other device having the capacity to dial numbers without human intervention, from October 16, 2013 to the date the Class is certified, where Defendants' records fail to indicate prior express written consent from the recipient to make such call.

> **"DNC[2] Class":** All individuals in the United States who: (1) received more than one telephone call made by or on behalf of Defendants within a 12-month period; (2) to a telephone number that had been registered with

---

[2] "DNC" referenced herein refers to the National Do Not Call Registry, established pursuant to 47 U.S.C. 227(c) and the regulations promulgated by the Federal Communications Commission ("FCC").

the National Do Not Call Registry for at least 30 days; and (3) for whom Defendants has no record of consent to place such calls.

49.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's counsel and Defendants' counsel; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

50.     This suit seeks only damages, statutory penalties, and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

51.     Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

52.     Plaintiff and members of the Class were harmed by Defendants' acts in at least the following ways: Defendants, either directly or through agents, illegally contacted Plaintiff and the Class members *via* their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members.

**B.     NUMEROSITY**

53.     The exact size of the Class is unknown and not available to Plaintiff at this time,

but it is clear individual joinder is impracticable.

54.     On information and belief, Defendants made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendants' records.

**C.     COMMONALITY AND PREDOMINANCE**

55.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

56.     Common questions for the Class include, but are not necessarily limited to the following:

     (a)     Whether Defendants' conduct violated the TCPA;

     (b)     Whether Defendants systematically made telephone calls to consumers who did not previously provide Defendants and/or their agents with prior express written consent to receive such phone calls after October 16, 2013;

     (c)     Whether Defendants systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

     (d)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct;

     (e)     Whether Defendants systematically made telephone calls to consumers after October 16, 2013 (other than calls made for emergency purposes or made with the prior express written consent of the called party) using any automatic dialing system or pre-recorded voice to any telephone number assigned to a cellular phone service; and

     (f)     Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

**D.     TYPICALITY**

57.     Plaintiff's claims are typical of the claims of the other members of the Class.

---

58. Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful conduct during transactions with Plaintiff and the Class.

E. **ADEQUATE REPRESENTATION**

59. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions.

60. Plaintiff has no interest antagonistic to those of the Class, and Defendants has no defenses unique to Plaintiff.

F. **POLICIES GENERALLY APPLICABLE TO THE CLASS**

61. This class action is appropriate for certification because Defendants has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole.

62. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

G. **SUPERIORITY**

63. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

64. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions.

65. Thus, it would be virtually impossible for the individual members of the Class to

obtain effective relief from Defendants' misconduct.

66.     Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

67.     By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### VIOLATION OF TCPA, 47 U.S.C. § 227
### ("Robocall Claim" On behalf of Plaintiff and the Class)

68.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

69.     Defendants made unsolicited and unauthorized calls using an ATDS or pre-recorded voice to Plaintiff's and the Class Members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Plaintiff Class Members.

70.     Defendants made the calls without prior express written consent of the Plaintiff and Plaintiff Class Members.

71.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

72.     As a result of Defendants' violations of 47 U.S.C. § 227, *et. seq.*, Plaintiff and the Plaintiff Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

73.     Because Defendants had knowledge that Plaintiff and the Plaintiff Class Members did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and Plaintiff Class Members.

74.     Plaintiff and the Plaintiff Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### VIOLATION OF TCPA, 47 U.S.C. § 227
### ("DNC Claim" On behalf of Plaintiff and the Class)

75.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

76.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

77.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

78.     47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

79.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request...

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

80.    Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

81.    Defendants made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to place such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendants do not have a record of consent to place telemarketing calls to them.

82.    Defendants violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class,

without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

83.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

84.     To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## ATTORNEY'S FEES

85.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

86.     Plaintiff is entitled to recover reasonable attorney fees and requests the attorneys' fees be awarded.

## JURY DEMAND

87.     Plaintiff, individually and on behalf of the Class, demands a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

(a)     An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel HUGHES ELLZEY, LLP as lead Class Counsel;

(b)     An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

(c)     An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

(d)     An injunction requiring Defendants and their agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class, pursuant to 47 U.S.C. § 227(b)(3)(A);

(e)     Pre-judgment and post-judgment interest on monetary relief;

(f)     An award of reasonable attorneys' fees and court costs; and

(g)     All other and further relief as the Court deems necessary, just, and proper.


Dated:  June 16, 2015.

Respectfully Submitted,

Benjamin H. Crumley, Esq.
Florida Bar No. 18284
CRUMLEY & WOLFE, PA
2254 Riverside Avenue
Jacksonville, Florida 32204
Telephone (904) 374-0111
Facsimile (904) 374-0113


W. Craft Hughes—craft@hughesellzey.com
Texas Bar No. 24046123
Jarrett L. Ellzey—jarrett@hughesellzey.com
Texas Bar No. 24040864
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
(Pro Hac Vice admission will be requested)

**ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS**