UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRACEY LESCHINSKY, individually and
on behalf of all others similarly situated,**

    **Plaintiff,**

v.   Case No.  8:15-cv-1470-T-30MAP

**INTER-CONTINENTAL HOTELS
CORPORATION and ORANGE LAKE
COUNTRY CLUB, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment (Dkt. 16), Plaintiff's Response thereto (Dkt. 22), and Defendants' Motion to Bifurcate Discovery and Establish Briefing Schedule (Dkt. 21).  The Court, upon review of the filings, and being otherwise advised in the premises, concludes that Defendants' motion for summary judgment should be denied without prejudice as premature and Defendants' motion to bifurcate discovery and establish a briefing schedule should be granted under the conditions outlined below.

## DISCUSSION

Plaintiff Tracey Leschinsky filed the instant case under the Telephone Consumer Protection Act ("TCPA").  Leschinsky's claims arise from telephone calls that Defendants or third-parties acting on their behalf allegedly made to her cell phone; specifically, she

alleges that the calls were made using an automatic telephone dialing system ("ATDS"). She also claims that the calls were telephone solicitations made to a telephone number on the National Do Not Call Registry ("NDNCR").

Defendants filed their motion for summary judgment extremely early in this litigation - the motion was filed fourteen days after Defendants filed their answer. The motion relies on seven declarations and argues, in relevant part, the following: (1) the calls at issue were dialed manually on an ordinary desktop telephone that does not constitute an ATDS; and (2) Leschinsky did not receive more than one call made by Defendants or third parties acting on their behalf, as required to state a "Do-Not-Call" claim under the TCPA.

Leschinsky's response in opposition argues that Defendants' motion is premature because the parties are not permitted to conduct discovery in this case until they conduct their case management meeting as stated in Local Rule 3.05. Leschinsky points out that she is entitled to discovery on Defendants' contentions.

Defendants, essentially admitting that their motion is premature, request that the Court bifurcate discovery so that it is limited to the two threshold issues raised in their motion for summary judgment and establish a briefing schedule for dispositive motions. The Court agrees that a more tailored discovery process is appropriate under these circumstances.

As an initial point, the Court agrees that Defendants' motion for summary judgment is premature. As stated in *Blumel v. Mylander,* 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 of the Federal Rules of Civil Procedure "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery."

Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank,* 859 F.2d 865, 870 (11th Cir. 1988). The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* at 870 (internal citations omitted).

At this stage in the litigation, Leschinsky has been deprived of conducting any discovery because a case management scheduling order is not in place and the parties have not even conducted their case management meeting. That being said, Defendants' arguments in favor of a bifurcated discovery process are well-taken. Defendants have presented evidence suggesting that Leschinsky's TCPA claims are without merit as a matter of law. As such, the Court concludes that the following discovery plan is appropriate:

1. The parties have ninety (90) days from the date of this Order to conduct limited discovery on the ATDS issue and the Number of Calls Issue as discussed further in Defendants' motion for summary judgment;

2. Within fourteen (14) days of the conclusion of the discovery phase, either party may file a motion for summary judgment;

3. If the Court denies summary judgment, the parties shall submit a Joint Case Management Report within fourteen (14) days of the Court's denial.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion for Summary Judgment (Dkt. 16) is denied without prejudice as premature.

2. Defendants' Motion to Bifurcate Discovery and Establish Briefing Schedule (Dkt. 21) is granted to the extent discussed herein.

**DONE** and **ORDERED** in Tampa, Florida on October 15, 2015.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2015\15-cv-1470.msj-premature-bifurcate-discovery-TCPA.wpd